IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| THE EVERCARE COMPANY,<br><br>        Plaintiff/<br>        Counterclaim Defendant,<br><br>              v.<br><br>3M COMPANY,<br><br>        Defendant/<br>        Counterclaim Plaintiff. | **CIVIL ACTION FILE<br>NO. 1:07-CV-2215-BBM** |

## THE EVERCARE COMPANY'S
## <u>PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Civ. P. 51 and the Court's May 24, 2005 Standing Order, plaintiff/counterclaim defendant The Evercare Company ("Evercare") respectfully submits the attached proposed Jury Instructions.

Evercare expressly reserves the right to modify the attached proposed instructions, and to submit additional proposed instructions for the Court's consideration, based on any rulings of the Court on evidentiary or legal issues, the presentation of evidence at trial, in response to any instructions proposed by defendant/counterclaim plaintiff 3M Company ("3M"), and otherwise to conform the instructions to applicable law, and the evidence and arguments presented at the

trial of this case.  Evercare further reserves its right to submit proposed jury

instructions regarding monetary compensation, including damages, punitive

damages, disgorgement of profits, and enhanced award, should these issues be

found to remain in the case and be appropriate for the jury.

## Plaintiff's Proposed Jury Instruction No. 1

## Introduction

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

## Authority

U.S. Eleventh Circuit District Judges Association, *Pattern Jury Instructions (Civil)*, Basic No. 1, p.11 (2005).

**Plaintiff's Proposed Jury Instruction No. 2**

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**<u>Authority</u>**

4 L. Sand, *et al., Modern Federal Jury Instructions*, Inst. 71-2 (2008).

**Plaintiff's Proposed Jury Instruction No. 3**

**Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your

decision should be as to whether or not the parties' have proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**<u>Authority</u>**

4 L. Sand, *et al., Modern Federal Jury Instructions*, Inst. 71-3 (2008).

## Plaintiff's Proposed Jury Instruction No. 4

### Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

### Authority

4 L. Sand, *et al.*, *Modern Federal Jury Instructions*, Inst. 71-6 (2008).

## Plaintiff's Proposed Jury Instruction No. 5

**Consideration of the Evidence**
**Duty to Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of

a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

**<u>Authority</u>**

U.S. Eleventh Circuit District Judges Association, *Pattern Jury Instructions (Civil)*, Basic No. 2.2, p.13 (2005).

## Plaintiff's Proposed Jury Instruction No. 6

### "Inferences" Defined

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## Authority

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.20 (5th ed. 2001).

### Plaintiff's Proposed Jury Instruction No. 7

**Credibility of Witnesses**

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**<u>Authority</u>**

U.S. Eleventh Circuit District Judges Association, *Pattern Jury Instructions (Civil)*, Basic No. 3, p.17 (2005).

## Plaintiff's Proposed Jury Instruction No. 8

### Impeachment of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### Authority

U.S. Eleventh Circuit District Judges Association, *Pattern Jury Instructions (Civil)*, Basic No. 4.1, p.18 (2005).

14

**<u>Plaintiff's Proposed Jury Instruction No. 9</u>**

**Expert Witnesses
When Expert Witness Fees Represent a
Significant Portion of the Witness' Income**

You have heard testimony from experts on behalf of both parties.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony or expert services are given with regularity and the fees for such testimony or services represent a significant portion of the witness' income.

**<u>Authority</u>**

U.S. Eleventh Circuit District Judges Association, *Pattern Jury Instructions (Civil)*, Basic No. 5.2, p.21 (2005) (modified).

15

## Plaintiff's Proposed Jury Instruction No. 10

### Burden Of Proof
### When There Are Multiple Claims or When Both Plaintiff And Defendant Have Burden of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**<u>Authority</u>**

U.S. Eleventh Circuit District Judges Association, *Pattern Jury Instructions (Civil)*, Basic No. 6.2, p.23 (2005).

**Plaintiff's Proposed Jury Instruction No. 11**

**Substantive Charge – Generally**

Now that I have completed instructing you on how to consider the evidence in this case, I will instruct you on how to consider the various claims in this case.

In this case, Evercare alleges that 3M's advertising slogan declaring itself to be the "#1 selling" lint roller in America is a false advertisement.  In particular, Evercare contends that 3M's #1 slogans violate a federal law called the Lanham Act, which prohibits false advertising.

Evercare seeks to prevent 3M from using the #1 selling advertising slogan on its product packaging because Evercare contends the slogan is not true.

On the other hand, 3M has alleged that a number of Evercare advertising slogans constitute false advertising.

3M contends that Evercare's advertisements violate three laws.

First, 3M contends Evercare's slogans violate the Lanham Act's prohibition on false advertising.

Second, 3M contends Evercare's advertising constitutes unfair competition under Georgia common law.

Third, 3M alleges Evercare violated Georgia's Deceptive Trade

Practices Act.

I will now go through each of these legal claims and explain the various elements that the parties must prove by a preponderance of the evidence in order for you to find in each party's favor.


**Authority**

Evercare First Am. Compl. ¶¶ 18-21, pp.9-10; 3M Am. Countercl. ¶¶ 12-37, 58-66, 80-84, 88-90.

<u>**Plaintiff's Proposed Jury Instruction No. 12**</u>

**Elements of a False Advertising Claim
under the Lanham Act and Georgia Common Law**

Evercare claims that 3M has engaged in false advertising under the Lanham Act § 43(1).  3M has counterclaimed that Evercare has engaged in false advertising under the Lanham Act § 43(1) and Georgia common law.  Lanham Act false advertising claims and common law unfair competition claims are governed by the same standards.  Therefore, the elements I will now explain apply to both claims.

In order to prevail on a false advertising claim, the complaining party must prove, by a preponderance of the evidence, each of the following elements:

1)   That the accused party made a false description of fact or a representation of fact in a commercial advertisement about his own or another's product;

2)   That the misrepresentation is material, in that it is likely to influence purchasing decisions;

3)   That the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience;

4)   That the accused party placed the false or misleading statement into interstate commerce; and

5)     That the complaining party has been or is likely to be injured as

a result of the misrepresentation.

If the complaining party fails to meet its burden regarding any of these

elements, you must find that the accused party has not engaged in false advertising.

Furthermore, in order to find for the complaining party with respect to any

particular challenged slogan, you must find that party has proven each of these five

elements, by a preponderance of the evidence, as to that particular challenged

advertising slogan.

I will discuss each of these elements in turn, except for the fourth

element – the interstate commerce requirement.  In this lawsuit, the parties agree

that all of the advertising being challenged has been distributed in interstate

commerce.


**<u>Authority</u>**

*Hickson Corp.* v. *Northern Crossarm Co., Inc.,* 357 F.3d 1256, 1260-61 (11th Cir.
2004); *Johnson & Johnson Vision Care, Inc.* v. *1-800 Contacts, Inc.*, 299 F.3d
1242, 1247 (11th Cir. 2002); *Smith* v. *Wal-Mart Stores, Inc.*, 537 F. Supp. 2d 1302,
1314 (N.D. Ga. 2008); *Wilchcombe* v. *Teevee Toons, Inc.*, 515 F. Supp. 2d 1297,
1306 (N.D. Ga. 2007); *Microsoft Corp.* v. *Moss*, No. 1:06-CV-1670, 2007 WL
2782503, at *5 (N.D. Ga. Sept. 20, 2007); *Nike Inc.* v. *Variety Wholesalers, Inc.*,
274 F. Supp. 2d 1352, 1371 (S.D. Ga. 2003); *Kohler Co.* v. *Titon Inds., Inc.*, No.
1:97-CV-428, 1999 WL 1043221, at *7 (N.D. Ga. Mar. 26, 1999); Restatement
(Third) of Unfair Competition §§ 2-3, 35-37.

## Plaintiff's Proposed Jury Instruction No. 13

### First Element: False Statement

With respect to the first element, the complaining party must show that the accused party made a false statement in a commercial advertisement about its own product or the product of the complaining party.  To satisfy this element, the complaining party must prove by a preponderance of the evidence that the accused party's advertisement is literally false.  A statement is literally false when it explicitly states something that is untrue.

In determining whether the statement is false, you must further consider whether the advertising slogan relies upon the testing of a product, because the burden of proving an advertisement literally false depends on whether or not the advertisement relies on testing.

If an advertisement relies on such testing, the advertisement is labeled an "establishment" advertising claim.  Where the accused party has made an establishment claim, the accused party must identify the tests supporting the advertisement, and the complaining party must demonstrate, by a preponderance of the evidence, that the tests relied upon were not sufficiently reliable to permit one to conclude with reasonable certainty that they established the proposition for which they were relied upon.  However, the fact that a test is imperfect does not necessarily

mean that the accused party's advertising statements are false.

If the accused party has made an advertising slogan that does not rely on testing, the advertisement is labeled a "non-establishment" claim. Where the accused party has made a non-establishment claim, the complaining party must provide affirmative proof that the accused party's advertising slogan is false.

Also, in assessing an accused party's advertisement, it is necessary to view the message conveyed by the advertisement in full context, that is, you must consider the advertisement as a whole, rather than examine parts of it separately.

## Authority

*Hickson Corp. v. Northern Crossarm Co., Inc.,* 357 F.3d 1256, 1260-61 (11th Cir. 2004); *Johnson & Johnson Vision Care, Inc.* v. *1-800 Contacts, Inc.*, 299 F.3d 1242, 1248 (11th Cir. 2002); *Cashmere Camel Hair v. Sate Fifth Avenue,* 284 F.3d 302, 311 (1st Cir. 2002); *Rhone-Poulenc Rarer Pharmaceuticals, Inc.* v. *Marion Merrill Dow, Inc.*, 93 F.3d 511, 514-15 (8th Cir. 1996); *BASF Corp.* v. *Old World Trading Co., Inc.*, 41 F.3d 1081, 1090 (7th Cir. 1994); *Castrol, Inc.* v. *Pennzoil Co.,* 987 F.2d 939, 946 (3d Cir. 1993); *Castrol, Inc.* v. *Quaker State Corp.,* 977 F.2d 57, 62-63 (2d Cir. 1992).

## Plaintiff's Proposed Jury Instruction No. 14

## Second Element: Materiality

The materiality component of a false advertising claim requires the complaining party to prove by a preponderance of the evidence that the intended consumers are likely to purchase the product specifically because of defendant's advertisement. Because not all false advertisements affect consumer decisions, this element focuses on whether the false statement is likely to cause consumers to purchase the product. For example, if a consumer would otherwise purchase a product even if the false advertisement were not on the package, then the advertisement is not material.

The relevant purchasers are those to whom the advertisement was addressed. So, for example, if advertisements were directed to both consumers and retailers, you must separately determine whether those advertisements were material to both consumers and retailers.

## Authority

*N. Am. Med. Corp.* v. *Axiom Worldwide, Inc.*, 522 F.3d 1211, 1226 (11th Cir. 2008); *Johnson & Johnson Vision Care, Inc.* v. *1-800 Contacts, Inc.*, 299 F.3d 1242, 1250 (11th Cir. 2002); *Cashmere Camel Hair* v. *Saks Fifth Avenue*, 284 F.3d 302, 312 n. 10-11 (1st Cir. 2002); *Nikkal Inds., LTD* v. *Stalton, Inc.*, 735 F. Supp. 1227, 1236 (S.D.N.Y. 1990).

## <u>Plaintiff's Proposed Jury Instruction No. 15</u>

### Third Element: Actually Deceives or Has the Tendency to Deceive

With respect to the third element of a false advertising claim, the burden on a complaining party who seeks monetary relief from an accused party differs from the burden on a complaining party who seeks only injunctive relief.

In order to establish this third element of deception, a complaining party seeking only injunctive relief to stop the accused's advertising must prove that the advertising is likely to deceive customers.  By contrast, a complaining party seeking to recover monetary relief as well as to stop the advertising must prove by a preponderance of the evidence that the advertising actually deceived a substantial portion of the consuming public.

There is one exception to these requirements: where the accused party's misstatement is literally false, you may, but you are not required to, infer that the statement actually deceived consumers.

In this case, Evercare is seeking only injunctive relief on its false advertising claim.  3M is seeking both monetary relief and injunctive relief on its false advertising counterclaim.

**<u>Authority</u>**

*Johnson & Johnson Vision Care, Inc.* v. *1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002); *Cashmere Camel Hair* v. *Saks Fifth Avenue*, 284 F.3d 302, 311 n. 8-9, 313-14 (1st Cir. 2002); *Balance Dynamics Corp.* v. *Schmitt Indus.,* 204 F.3d 683, 693 (6th Cir. 2000); *Boosey & Hawkes Music Publishers, Ltd.* v. *Walt Disney Co.*, 145 F.3d 481, 493 (2d Cir. 1998); *Trilink Saw Chain, LLC* v. *Blount, Inc.*, No. 1:07-CV-0409, 2008 WL 4261040, at *19 (N.D. Ga. Sept. 12, 2008); *Gillette Co.* v. *Norelco Consumer Prods, Co.*, 946 F. Supp. 115, 128 (D. Mass. 1996); 5 *McCarthy on Trademarks and Unfair Competition* § 27:36 (4th ed. 2008).

## <u>Plaintiff's Proposed Jury Instruction No. 16</u>

## **Fifth Element: Injury in Fact or Likelihood of Injury**

To satisfy the fifth element of a false advertising claim, a complaining party seeking monetary relief must demonstrate, by a preponderance of the evidence, actual harm to its business.  The complaining party must prove by a preponderance of the evidence that the harm was caused by the accused party's false advertising.  In other words, the complaining party must prove:

1)  that consumers were actually deceived by the accused party's false advertisement, and

2)  that consumers relied on those advertisements, and

3)  that the complaining party was actually injured as a result of consumers' deception and reliance.

A complaining party seeking only injunctive relief for false advertising must demonstrate that it is likely to suffer harm in the future as a result of the accused party's false advertising.

## <u>Authority</u>

*Air Turbine Tech., Inc.* v. *Atlas Copco AB*, 410 F.3d 701 (Fed. Cir. 2005) (applying 11th Circuit law); *Cashmere Camel Hair* v. *Saks Fifth Avenue*, 284 F.3d 302, 311, 318 (1st Cir. 2002); *Southland Sod Farms* v. *Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997); *Seven-Up Co.* v. *Coca-Cola Co.*, 86 F.3d 1379, 1397 & n.12 (5th Cir.

1996); *Trilink Saw Chain, LLC* v. *Blount, Inc.*, No. 1:07-CV-0409, 2008 WL 4261040, at *19 (N.D. Ga. Sept. 12, 2008); 5 *McCarthy on Trademarks and Unfair Competition* §§ 27:28, 27:41 (4th ed. 2008).

## <u>Plaintiff's Proposed Jury Instruction No. 17</u>

### Defenses to a False Advertising Claim – Puffery, Opinion

Certain statements are lawful and not subject to complaint under the Lanham Act or Georgia common law.

For example, puffery is a type of advertising slogan that is lawful and not subject to complaint. Puffery is an exaggerated, highly subjective or vague statement contained in an advertisement often made in a blustering or boasting manner and upon which no reasonable consumer would rely. Statements constituting puffery are incapable of objective verification.

If you determine that any of the statements at issue in this case constitutes puffery, that statement is not actionable.

As another example, an advertising statement is lawful and not subject to complaint if it merely expresses an opinion rather than a fact. In determining whether any of the statements on Evercare or 3M's products constitute fact or opinion, you must consider each phrase, the text of the advertisement or passage in its entirety, and the intended readers. Factual statements are capable of objective verification; opinions are not.

If you determine that any of the statements at issue in this case constitutes opinion, that statement is not actionable.

**<u>Authority</u>**

*Clorox Co. P.R.* v. *Proctor & Gamble Commercial Co.,* 228 F.3d 24, 38-39 (1st Cir. 2000); *Am. Council of Certified Podiatric Physician & Surgeons* v. *Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 614-15 (6th Cir. 1999); *F.T.C.* v. *National Urological Group*, No. 1:04-CV-3294, 2008 WL 2414317, at *27 (N.D. Ga. June 4, 2008); *BellSouth Adver. & Publ'g Corp.* v. *Lambert Publ'g*, 45 F. Supp. 2d 1316, 1320 (S.D. Ala. 1999); *Gillette Co.* v. *Norelco Consumer Prods. Co.*, 946 F. Supp. 115, 130-31 (D. Mass. 1996); 5 *McCarthy on Trademarks and Unfair Competition* § 27:38 (4th ed. 2008).

## Plaintiff's Proposed Jury Instruction No. 18

## Defenses to a False Advertising Claim – Complaining Party Cannot Re-Define Advertising Terms

The complaining party in a false advertising case cannot re-define the usual meaning of terms in the accused party's advertisement in order to render the advertisement false or misleading.  An advertisement is not false simply because it does not meet the complaining party's definition.

Therefore, when determining whether an advertisement is true or false, you should focus on the plain meaning of the words in the advertisement and not possible interpretations offered by the complaining party.

## Authority

*First Health Group Corp.* v. *BCE Emergis Corp.*, 269 F.3d 800, 805 (7th Cir. 2001); 5 *McCarthy on Trademarks and Unfair Competition* § 27:53 (4th ed. 2008).

## Plaintiff's Proposed Jury Instruction No. 19

### Defenses to a False Advertising Claim – Laches

Evercare contends that, in the event you determine that any of Evercare's advertisements contain false or misleading statements, 3M should nevertheless be barred from obtaining any relief from Evercare under the doctrine of laches.  Laches is based upon the principle that a Court will not come to the aid of a party that sleeps on its rights.

In order to prevail on the defense of laches, generally, Evercare must prove by a preponderance of the evidence that it has been prejudiced by 3M's unreasonable delay in bringing this action.

Thus, Evercare must prove three elements.

First, Evercare must prove by a preponderance of the evidence that 3M knew or should have known about Evercare's advertising slogans.

Second, Evercare must prove by a preponderance of the evidence that 3M unreasonably delayed in challenging Evercare's advertisements.  However, the burden of proof regarding this element depends on when 3M first challenged Evercare's advertisements.  Thus, if you determine that 3M waited more than four years after it knew or should have known that it had a claim against Evercare for its advertising, you may presume that 3M unreasonably delayed.  3M must then

prove by a preponderance of evidence that the delay was justified.  If, conversely, you find that 3M challenged Evercare's advertisements within four years of its awareness of a claim, then Evercare must prove that 3M unreasonably delayed in challenging the advertisements.

Third, Evercare must prove that it has suffered prejudice as a result of 3M's delay in asserting its rights under the Lanham Act and Georgia common law. A party has been prejudiced by a delay when the assertion of a claim that was available some time ago would be unfair in light of the delay in bringing the claim. Prejudice may take the form of an investment of money or resources on Evercare's part in building its business or establishing a brand identity during the time in which 3M delayed.

Again, however, the burden of proof regarding prejudice depends on when 3M first challenged Evercare's advertising.  Thus, if you determine that 3M waited more than four years after it first became aware of its claim against Evercare, you may presume that Evercare has suffered prejudice as a result of 3M's unreasonable delay and 3M must prove by a preponderance of evidence that Evercare was not prejudiced.  If, conversely, you find that 3M challenged Evercare's advertising within four years of its awareness of a claim, then Evercare must prove that it was prejudiced by 3M's delay in challenging the advertisements.

## Authority

*Jarrow Formulas, Inc.* v. *Nutrition Now, Inc.*, 304 F.3d 829, 835, 836, 838, 839 (9th Cir. 2002); *Santana Prods., Inc.* v. *Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 138 (3d Cir. 2005); *Eppendorf Netheler Hinz GMBH* v. *National Scientific Supply Co., Inc.*, 14 Fed. Appx. 102, at *2 (2d Cir. July 13, 2001); *Kason Inds., Inc.* v. *Component Hardware Group, Inc.*, 120 F.3d 1199, 1206 (11th Cir. 1997); *Conopco. Inc.* v. *Campbell Soup Company*, 95 F.3d 187, 192 (2d Cir. 1996); *Angel Flight of Georgia, Inc.* v. *Angel Flight Southeast, Inc.*, 424 F. Supp. 2d 1366, 1368-71 & n.4 (N.D. Ga. 2006); *Unique Sports Prods., Inc.* v. *Babolat VS*, 403 F. Supp. 2d 1229, 1241 (N.D. Ga. 2005); *Peyser* v. *Searle Blatt & Co., Ltd.*, No. 99-CV-10785, 2000 WL 1071804, at *7 (S.D.N.Y. Aug. 2, 2000).

## Plaintiff's Proposed Jury Instruction No. 20

### Violation of FTC Guidelines is Not an Issue in this Case

This case is not about Federal Trade Commission guidelines or whether a party violated such guidelines.  Rather, the case before you is about whether false statements were made in advertisements.  It will be up to you to determine whether or not any advertising statements made in this case are indeed false, regardless of any FTC guidelines on advertising.


## Authority

*F.T.C.* v. *Whole Foods Market, Inc.*, 533 F.3d 869, 887 (D.C. Cir. 2008); *Kvassay* v. *Hasty*, 236 F. Supp. 2d 1240, 1271 (D. Kan. 2002); *HTI Health Servs., Inc.* v. *Quorum Health Group, Inc.*, 960 F. Supp. 1104, 1133 n.27 (S.D. Miss. 1997); 5 *McCarthy on Trademarks and Unfair Competition* § 27:119 (4th ed. 2008).

## Plaintiff's Proposed Jury Instruction No. 21

### Georgia Deceptive Trade Practices Act

3M has asserted a third claim against Evercare under Georgia's Deceptive Trade Practices Act.  The basis for this claim is the same conduct that forms the basis for 3M's Lanham Act and common law claims against Evercare. Thus, if you find that Evercare's advertising is not false under the Lanham Act and Georgia common law, then you must also find that Evercare is not liable under the Deceptive Trade Practices Act.

In order to find Evercare liable under the Deceptive Trade Practices Act, you must specifically find:

1) Evercare represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have,

2) Evercare represented that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another, or

3) Evercare disparaged the goods, services, or business of 3M by false representation of fact.

However, you may only find Evercare liable under the Deceptive

Trade Practices Act if Evercare's conduct affects those consumers using

reasonable care and prudence.

## **Authority**

Ga. Code Ann. § 10-1-372(a)(5)(7)(8) (West 2008); *Thoroughbred Legends, LLC*
v. *The Walt Disney Co.*, No. 1:07-CV-1275, 2008 WL 616253, at *12 (N.D. Ga.
Feb. 12, 2008); *Syntex (U.S.A.), Inc.* v. *Interpharm, Inc.*, No. 1:92-CV-03HTW,
1993 WL 643372, at *5 (N.D. Ga. Mar. 19, 1993); *Energy Four, Inc.* v. *Dornier
Med. Sys., Inc.*, 765 F. Supp. 724, 731 (N.D. Ga. 1991); *Eckles* v. *Atlanta Tech.
Group, Inc.*, 485 S.E.2d 22, 24 (Ga. 1997); *Future Prof'ls, Inc.* v. *Darby*, 470
S.E.2d 644, 646 (Ga. 1996); *Boynton* v. *State Farm Mut. Auto. Ins. Co.*, 429 S.E.2d
304, 306 (Ga. Ct. App. 1993).

## Plaintiff's Proposed Jury Instruction No. 22

### Duty To Deliberate
### When Both Plaintiff And Defendant Claim
### Damages or When Damages Are Not An Issue

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Authority

U.S. Eleventh Circuit District Judges Association, *Pattern Jury Instructions (Civil)*, Basic No. 7.2, p.25 (2005).

## Plaintiff's Proposed Jury Instruction No. 23

### Election of Foreperson
### Explanation of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in Court.

A form of verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**<u>Authority</u>**

U.S. Eleventh Circuit District Judges Association, *Pattern Jury Instructions (Civil)*, Basic No. 8, p.26 (2005).

Respectfully submitted this 20th day of October, 2008.


/s/ Phillip S. McKinney
Phillip S. McKinney
Georgia Bar No. 495725
Thomas J. Mew
Georgia Bar No. 503447
ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia 30303
(404) 522-4700

*Attorneys for Plaintiff/Counterclaim Defendant The Evercare Company*

Of counsel:
Mark H. Alcott *(pro hac vice)*
Catherine Nyarady *(pro hac vice)*
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of THE EVERCARE COMPANY'S PROPOSED JURY INSTRUCTIONS was electronically filed with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to the following attorneys of record:

Courtland L. Reichman, Esq.
Russell E. Blythe, Esq.
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA  30309-3521

This 20th day of October, 2008.

_/s/ Phillip S. McKinney_
Phillip S. McKinney
Georgia Bar No. 495725

ROGERS & HARDIN LLP
229 Peachtree Street, N.E.
2700 International Tower
Atlanta, Georgia 30303
Tel:  (404) 522-4700
Fax:  (404) 525-2224
pmckinney@rh-law.com